IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-01236-MSK-BNB

ADAM MAYO, on behalf of himself and all others similarly situated; and
WILLIAM RANDELL, III, on behalf of himself and all others similarly situated,

      Plaintiffs,

v.

UNITED STATES FOREST OFFICER FNU KROGSTEL, in his official capacity;
UNITED STATES FOREST OFFICER FNU LAMPE, in his official capacity;
UNITED STATES FOREST OFFICER FNU BARTON, in his official capacity;
UNITED STATES FOREST OFFICER FNU FREUND, shield # 1662, in his official capacity;
JOHN AND JANE DOE, UNKNOWN MEMBERS OF THE UNITED STATES FOREST SERVICE, in their official capacities;
JOHN AND JANE DOE, UNKNOWN MEMBERS OF THE UNITED STATES MARSHAL SERVICE, in their official capacities; and
UNITED STATES MAGISTRATE JUDGE DAVID WEST, in his official capacity,

      Defendants.
_____

**ORDER DENYING RENEWED MOTION FOR TEMPORARY RESTRAINING ORDER AND SETTING PRELIMINARY INJUNCTION HEARING**
_____

**THIS MATTER** comes before the Court pursuant to the Plaintiffs' Renewed Motion for Temporary Restraining Order **(# 7)**.

According to the unverified Complaint **(# 1)** of June 27, 2006, Plaintiff Mayo is an attorney "seeking to represent various clients" awaiting trial in Routt County, Colorado. *Docket # 1* at 3, ¶ 7. Plaintiff Rendall is a defendant in an unidentified criminal proceeding, but who, the Court infers, is awaiting trial in Routt County. *Id.* at 4, ¶ 9. The Complaint alleges that personnel of the United States Forest Service and United States Marshal "are denying members of the public

1

access to the trials being conducted" in Routt County. *Id.* at 3, ¶ 5. Plaintiff Mayo "has been refused entry into the proceedings and is unable to advise his clients precisely what is occurring inside" and Plaintiff Rendell "wishes to have a public trial" and "wishes to attend and observe the proceedings of others." *Id.* at 3-4, ¶ 8, 9. The Complaint asserts violations of the Plaintiffs' First and Sixth Amendment rights under the United States Constitution, and seeks declaratory and injunctive relief. *Id.* at 4-6.

On June 29, 2006, the Plaintiffs filed the instant Renewed Motion for Temporary Restraining Order **(# 7)**, requesting that the Court "declare the actions of the Defendants unconstitutional and award Plaintiff (sic) the relief sought in his (sic) Complaint." The motion advises that the Plaintiffs' counsel spoke to the Defendants' counsel on June 29, 2006 to give her notice of the lawsuit, and that Plaintiffs' counsel is providing the Defendants' counsel a copy of the motion for a temporary restraining order by e-mail. The Plaintiffs' motion is supported by the affidavit of Plaintiff Mayo which alleges, in pertinent part: (i) that Plaintiff Mayo was present at the courthouse in Routt County on June 23, 2006; (ii) that his legal services were retained by some individuals; (iii) that several unnamed Forest Service officers denied him the opportunity to enter the courthouse and instructed him to wait until his clients' names were called; (iv) that he waited approximately 4½ hours, then left to attend to other matters; and (v) that as a result, he was unable to file motions in his clients' cases or speak to the prosecutor on behalf of his clients.

Fed. R. Civ. P. 65(b)(1) provides that a temporary restraining order may be granted "only if it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party . . . can be heard in opposition." In addition, an applicant seeking a temporary restraining

order must "certif[y . . .] the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required."[1] Fed. R. Civ. P. 65(b)(2).

To constitute irreparable harm, an injury must be certain, great, actual, and not theoretical. *Schrier v. University of Colorado*, 427 F.3d 1253, 1267 (10th Cir. 2005). To establish that irreparable harm is immediate, one must show that the injury complained of is of such imminence that there is a clear and present need for equitable relief to prevent it. *Id.* The purpose of injunctive relief is not to remedy past violations, but to protect plaintiffs from irreparable injury that will surely result without their issuance. *Id.*

The affidavit supporting the Plaintiffs' motion does not demonstrate that any injury to Plaintiff Mayo is imminent. The affidavit establishes that, on a single occasion, Plaintiff Mayo was denied access to the courthouse. It does not allege that Plaintiff Mayo returned to seek access, intends to return, or in such circumstance is likely to again be denied access. At most, Plaintiff Mayo's affidavit evidences a past constitutional violation, for which injunctive relief is not appropriate. No affidavit has been submitted by Plaintiff Randell. As a result, the Plaintiffs have failed to adequately establish that injunctive relief is necessary to prevent an imminent, irreparable harm.

Moreover, the Plaintiffs have not alleged sufficient facts to show that notice to the

---

[1] Some courts require that a party seeking a temporary restraining order not only establish the requirements of Fed. R. Civ. P. 65(b), but also that they show that the requirements for obtaining a preliminary injunction are met. *See e.g. Flying Cross Check, LLC v. Central Hockey League, Inc.*, 153 F.Supp.2d 1253, 1258 (beyond Rule 65(b)'s "threshold showings," movant must also establish that it will suffer irreparable injury if the injunction does not issue, a likelihood of success on the merits, a balancing of equities in the movant's favor, and that the requested relief would not be adverse to the public interest). The Plaintiffs' request as presented fails to establish that an injunction is necessary to prevent <u>future</u> irreparable harm, and thus, would fail on the first element of the preliminary injunction test as well.

3

Defendants and an opportunity to be heard should not be required before injunctive relief issues. Because Plaintiff Mayo's affidavit does not allege that he intends to return to the courthouse and there is no affidavit by Plaintiff Randell, the Court cannot conclude that either will suffer any future injury before a hearing can be held.

Accordingly, the Plaintiffs' Motion for Temporary Restraining Order **(# 7)** is **DENIED**. Although their motion does no specifically request it, the Court will deem the motion to also request a preliminary injunction.  The Court will hear evidence in support of the Plaintiffs' request for a preliminary injunction hearing at **9:30 a.m.** on **Friday, June 30, 2006**.  <u>Immediately</u> upon receipt of this Order, the Plaintiffs shall advise counsel for the Defendants of its contents and serve a copy of this Order upon them.  Because the relief sought by the Plaintiffs is admittedly identical to the relief sought in the Complaint, the parties are advised that pursuant to Fed. R. Civ. P. 65(a)(2), trial on the merits of the Complaint will be consolidated with the preliminary injunction hearing.

Dated this 29th day of June, 2006

**BY THE COURT:**

_Marcia S. Krieger_
_____

Marcia S. Krieger
United States District Judge